UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

JOHN WILEY & SONS, INC. AND          :
THE MCGRAW-HILL COMPANIES, INC.,
                                     :
                    Plaintiffs,
                                     :
          -against-                          09 Civ. 2108 (CM)
                                     :
LEO SHUMACHER D/B/A TEXT BOOK
PIRATE D/B/A ALINONLINE D/B/A        :
LPS BOOKS D/B/A ALL_BRAND_NEW
D/B/A BOOK DELI D/B/A AU2TEK,        :

                    Defendant.  :

- - - - - - - - - - - - - - - - - x


                MEMORANDUM OF PLAINTIFFS IN SUPPORT
                  OF THEIR MOTION TO DISMISS THE
                   COUNTERCLAIMS OF DEFENDANT




                              DUNNEGAN LLC
                              Attorneys for Plaintiffs
                              350 Fifth Avenue
                              New York, New York 10118
                              (212) 332-8300

## Table of Contents

Table of Authorities. . . . . . . . . . . . . . . . . . ii

Preliminary Statement . . . . . . . . . . . . . . . . . 1

Argument. . . . . . . . . . . . . . . . . . . . . . . . 1

I.    THE COURT SHOULD DISMISS THE FIRST
      COUNTERCLAIM CONCERNING HARASSMENT
      AND FRIVOLOUS LITIGATION BECAUSE SHUMACHER
      FAILED TO PLEAD A VALID CLAIM . . . . . . . . . . . 1

II.   THE COURT SHOULD DISMISS THE SECOND
      COUNTERCLAIM CONCERNING § 1 OF THE
      SHERMAN ACT BECAUSE SHUMACHER DID NOT
      AND CANNOT ALLEGE ANY UNLAWFUL CONSPIRACY . . . . . 3

III.  THE COURT SHOULD DISMISS THE THIRD
      COUNTERCLAIM CONCERNING § 2 OF THE SHERMAN
      ACT BECAUSE SHUMACHER DID NOT AND CANNOT
      ALLEGE THE NECESSARY ELEMENT OF A
      MONOPOLY OR THE THREAT OF A MONOPOLY . . . . . . . . 4

IV.   THE COURT SHOULD DISMISS THE FOURTH
      COUNTERCLAIM CONCERNING COPYRIGHT
      MISUSE BECAUSE COPYRIGHT MISUSE IS NOT A CLAIM . . . 5

Conclusion. . . . . . . . . . . . . . . . . . . . . . . 8

Table of Authorities

Cases

Bell Atlantic Corp. v. Twombly,
550 U.S. 544, 127 S. Ct. 1955 (2007) . . . . . . . . . . 3

Broad. Music, Inc. v. Hearst/ABC Viacom Entm't Servs.,
746 F. Supp. 320 (S.D.N.Y. 1990) . . . . . . . . . . . 6

Capital Imaging v. Mohawk Valley Med. Assoc.,
996 F.2d 537 (2d Cir. 1993) . . . . . . . . . . . . . 4

Curiano v. Suozzi,
63 N.Y.2d 113, 480 N.Y.S.2d 466 (N.Y. 1984) . . . . . . 2

George Haug Co. v. Rolls Royce Motor Cars Inc.,
148 F.3d 136 (2d Cir. 1998) . . . . . . . . . . . . . 3-4

Hauser v. Bartow,
273 N.Y. 370, 7 N.E.2d 268 (N.Y. 1937) . . . . . . . . 2

Heerwagen v. Clear Channel Communications,
435 F.3d 219 (2d Cir. 2006) . . . . . . . . . . . . . 5

Maverick Recording Co. v. Chowdhury,
2008 U.S. Dist. LEXIS 63783
(E.D.N.Y. August 19, 2008) . . . . . . . . . . . . . 6

Omega S.A. v. Costco Wholesale Corp.
541 F.3d 982 (9th Cir. 2008). . . . . . . . . . . . . 7

Pearson Educ., Inc. v. Jun Liao,
2008 U.S. Dist. LEXIS 39222
(S.D.N.Y. May 13, 2008) . . . . . . . . . . . . . . . 7

PSI Metals, Inc. v. Firemen's Ins. Co.,
839 F.2d 42 (2d Cir. 1988) . . . . . . . . . . . . . 2

Spectrum Sports, Inc. v. Shirley McQuillan,
506 U.S. 447, 113 S. Ct. 884 (1993) . . . . . . . . . 5

Tabachnik v. Dorsey,
2007 U.S. App. LEXIS 28950
(2d Cir. Dec. 13, 2007) . . . . . . . . . . . . . . . 3-4

UMG Recordings, Inc. v. Lindor,
531 F. Supp. 2d 453 (E.D.N.Y. 2007) . . . . . . . . . . .  6


Statutes

15 U.S.C. § 1 . . . . . . . . . . . . . . . . . . 3-4

15 U.S.C. § 2 . . . . . . . . . . . . . . . . . . 4-5

17 U.S.C. § 501 . . . . . . . . . . . . . . . . . 2

Rules

FRCP 11 . . . . . . . . . . . . . . . . . . . . . 2

Plaintiffs John Wiley & Sons, Inc. and The McGraw-Hill Companies, Inc. (the "Publishers") respectfully submit this memorandum in support of their motion to dismiss the four counterclaims of defendant Leo Shumacher ("Shumacher") d/b/a Text Book Pirate d/b/a Alinonline d/b/a LPS Books d/b/a All_Brand_New d/b/a Book Deli d/b/a Au2tek.

## Preliminary Statement

The Publishers commenced this action to remedy Shumacher's infringement, and contributory infringement, of their copyrighted educational books by his sale, in the United States, of plaintiffs' textbooks printed, and authorized for sale, outside of the United States ("Foreign Editions"). In response to the amended complaint of the Publishers, Shumacher answered and asserted four counterclaims. However, as explained below, Shumacher's counterclaims have no merit and should be dismissed.

## Argument

### I.

### THE COURT SHOULD DISMISS THE FIRST COUNTERCLAIM CONCERNING HARASSMENT AND FRIVOLOUS LITIGATION BECAUSE SHUMACHER FAILED TO PLEAD A VALID CLAIM

Shumacher asserts a claim on the grounds that the Publishers' actions constitute harassment, as follows:

> "15. Plaintiffs filed a claim against Defendant based on nothing but a return address on a shipment. Following extensive discovery, it has been made plain

that Defendant runs a shipping/logistics company and
has not bought or sold the books referenced in this
complaint. Further plaintiffs have located, contacted,
and settled with Alin Treeakarabenjakul, who has been
shown, through discovery, to be the owner and operator
of all marketplace, Paypal and e-mail accounts that
sold allegedly infringing books. Yet plaintiffs
continue a case that has no merit and no legitimate
basis, causing undue hardship on Defendant."

Litigious harassment, however, is not a valid claim
under federal law or state law. The only sources under which
Shumacher may possibly seek relief are the common law tort of
abuse of civil process and an imposition of sanctions by the
court under Federal Rule of Civil Procedure 11. A claim for
abuse of civil process cannot rest solely on the commencement of
a lawsuit. PSI Metals, Inc. v. Firemen's Ins. Co., 839 F.2d 42,
43 (2d Cir. 1988)(quoting Curiano v. Suozzi, 63 N.Y.2d 113, 116,
480 N.Y.S.2d 466, 468 (1984)("'[T]he institution of a civil
action by summons and complaint is not legally considered
process capable of being abused.'")

Even if Shumacher had properly alleged sufficient
process to trigger a tort claim, his claim would still fail.
The Publishers have alleged valid claims against Shumacher for
copyright infringement and contributory infringement under 17
U.S.C. § 501. Hauser v. Bartow, 273 N.Y. 370, 374, 7 N.E.2d 268,
270 (1937)(finding no abuse of process because "whatever may
have been respondent's motives, she used the process of the
court for the purpose for which the law created it.")

2

II.

THE COURT SHOULD DISMISS THE SECOND COUNTERCLAIM
CONCERNING § 1 OF THE SHERMAN ACT BECAUSE SHUMACHER
DID NOT AND CANNOT ALLEGE ANY UNLAWFUL CONSPIRACY

Shumacher alleges the Publishers violated § 1 of the

Sherman Act as follows:

> "17. Plaintiffs, in concert, are restraining trade and
> engaging in anticompetitive and cartel-like behavior
> [and that they]
>
> 18. . . . have the same pricing schemes all over the
> world, take the same restrictive steps to restrain
> trade in concert, including contracts preventing the
> sale of books(even those published in the USA),
> pressure on online textbook marketplaces to keep
> foreign edition books from being sold on the internet,
> modification of books in the same way, including
> changing page numbers, changing ISBN numbers, changing
> book covers, and putting nearly identical but
> deceptive messages on the covers, to restrict
> international and interstate trade."

Shumacher has failed to plead a valid claim for a

violation of § 1 of the Sherman Act, 15 U.S.C. § 1.  That

section requires an allegation of a conspiracy in restraint of

trade. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556-7, 127

S. Ct. 1955, 1966 (2007)("Without more, parallel conduct does

not suggest conspiracy, and a conclusory allegation of agreement

at some unidentified point does not supply facts adequate to

show illegality.")  Section 1 also requires an individual

plaintiff to allege an actual injury on the market from the

alleged behavior.  Tabachnik v. Dorsey, 2007 U.S. App. LEXIS

28950, at *3 (2d Cir. Dec. 13, 2007)(quoting George Haug Co. v.

3

Rolls Royce Motor Cars Inc., 148 F.3d 136, 139 (2d Cir. 1998)
("A threshold requirement for a private plaintiff under § 1 . .
. of the Sherman Act is an allegation of antitrust injury, which
entails showing 'that the challenged action has had an actual
adverse effect on competition as a whole in the relevant market;
to prove it has been harmed as an individual competitor will not
suffice.'"); Capital Imaging v. Mohawk Valley Med. Assoc., 996
F.2d 537, 543 (2d Cir. 1993)("Insisting on proof of harm to the
whole market fulfills the broad purpose of the antitrust law
that was enacted to ensure competition in general, not narrowly
focused to protect individual competitors.")

III.

### THE COURT SHOULD DISMISS THE THIRD COUNTERCLAIM CONCERNING § 2 OF THE SHERMAN ACT BECAUSE SHUMACHER DID NOT AND CANNOT ALLEGE THE NECESSARY ELEMENT OF A MONOPOLY OR THE THREAT OF A MONOPOLY

Shumacher alleges the Publishers violated § 2 of the
Sherman Act as follows:

> "20. Plaintiffs, in concert with other publishers, are
> attempting to monopolize the sale of textbooks by
> taking steps to weaken and eliminate the secondary and
> used markets by (a) suppressing competition from
> persons reselling legitimate goods, such as Alin; (b)
> publishing new editions of textbooks at an accelerated
> pace designed to shorten the life of used copies and
> older editions; (c) tying/bundling copies of their
> work with other material and services that are not
> part of the copyright, including bundling one-time use
> access codes to online supplementary materials
> available to purchasers only in the primary, and not
> secondary markets; (d) engaging in sham litigation
> intended to suppress price competition and keep

4

competitors out of the market rather than protect any copyright or trademark interest."

Shumacher has failed to plead a valid claim for a violation of § 2 of the Sherman Act.  Section 2 requires a single defendant to have a monopoly or to present the threat of a monopoly. Spectrum Sports, Inc. v. Shirley McQuillan, 506 U.S. 447, 456, 113 S. Ct. 884, 890 (1993)("[T]he conduct of a single firm, governed by § 2 is unlawful only when it threatens actual monopolization."); Heerwagen v. Clear Channel Communications, 435 F.3d 219, 229 (2d Cir. 2006)("A showing of market power is a substantive element of plaintiff's monopolization claim.")

IV.

THE COURT SHOULD DISMISS THE FOURTH COUNTERCLAIM
CONCERNING COPYRIGHT MISUSE BECAUSE COPYRIGHT
MISUSE IS NOT A CLAIM

Shumacher alleges that he has a claim because the Publishers committed copyright misuse, as follows:

> "22. Plaintiffs have a worldwide scheme to drive price cutters out of business, misusing the copyright laws as a thinly veiled device to do so [and that]
>
> 23. . . . Plaintiffs' conduct is anticompetitive and contrary to the purposes of the granted copyright, which constitutes copyright misuse. Plaintiffs have acted to suppress the dissemination of knowledge and deny owners of legal copies of their works the freedom to redistribute those copies as the Copyright Act entitles them to do."

Copyright misuse, however, is not a claim.  Maverick Recording Co. v. Chowdhury, 2008 U.S. Dist. LEXIS 63783, at *10-

11 (E.D.N.Y. August 19, 2008)("But even were copyright misuse viable as an affirmative defense in these cases, it would not provide sufficient grounds for a counterclaim because copyright misuse is not a basis for affirmative relief."); Broad. Music, Inc. v. Hearst/ABC Viacom Entm't Servs., 746 F. Supp. 320, 328 (S.D.N.Y. 1990)(rejecting "defendant's assertion of the copyright misuse doctrine as a vehicle for affirmative relief. Such a claim is unprecedented and the Court declines to create the claim.")

Even if copyright misuse were a claim, Shumacher's claim would still fail.  Copyright misuse requires an unfair extension of a copyright. UMG Recordings, Inc. v. Lindor, 531 F. Supp. 2d 453, 458 (E.D.N.Y. 2007)("In general, copyright owners commit copyright misuse when they attempt to extend the scope of their copyrights and use them anticompetively in violation of antitrust laws.")

Shumacher has failed to plead that the Publishers have unfairly extended their copyrights.  Shumacher alleges that the Publishers are bringing lawsuits to prevent the sale of Foreign Editions published in the United States.  The Publishers, however, have a right to prevent copies of their copyrighted works that were manufactured abroad from being imported and sold in the United States without permission. Omega S.A. v. Costco Wholesale Corp., 541 F.3d 982, 990 (9th Cir.

6

2008)("Under this rule, the first sale doctrine is unavailable as a defense to the claims under §§ 106(3) and 602(a) because there is no genuine dispute that Omega manufactured the watches bearing the Omega Globe Design in Switzerland.")(Internal citation omitted.); Pearson Educ., Inc. v. Jun Liao, 2008 U.S. Dist. LEXIS 39222, at *11-12 (S.D.N.Y. May 13, 2008)("The record also reveals that Liao and Gu have violated plaintiffs' exclusive right to 'distribute copies . . . of the copyrighted work[s] to the public' in violation of 17 U.S.C. §§ 106(3) and 602(a) by purchasing copies of plaintiffs' textbooks that were manufactured abroad and subsequently selling them within the United States without the permission of the copyright holders. Therefore, summary judgment is granted as to plaintiffs' claims of copyright infringement.")

Conclusion

The Publishers respectfully request that the Court dismiss defendant's four counterclaims.

Dated:  New York, New York
        September 10, 2009          DUNNEGAN LLC

                                    By _____
                                       William Dunnegan (WD9316)
                                       wd@dunnegan.com
                                       Laura Scileppi (LS0114)
                                       ls@dunnegan.com
                                    Attorneys for Plaintiffs
                                    350 Fifth Avenue
                                    New York, New York 10118
                                    (212) 332-8300

7